UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NAPOLEON HOLYFIELD,

                  Plaintiff,

v.

RENO CITY COUNCIL, et. al.,

                  Defendants.

Case No. 3:18-cv-00292-MMD-WGC

**ORDER**

      Before the court is Plaintiffs' Application to Proceed in Forma Pauperis (IFP) (ECF No. 1) and pro se Complaint (ECF No. 1-1).

      In addition, defendants Sparks City Council and Mayor Geno Martini (the Sparks defendants) filed a Motion to Dismiss, or in the Alternative, Motion to Quash Service of Process. (ECF No. 3.) Plaintiff filed a response. (ECF No. 5.) The Sparks defendants filed a reply. (ECF No. 6.) Defendants Reno City Council and Mayor Hillary Schieve filed a joinder in the motion filed by the Sparks defendants. (ECF No. 7.)

## **I. IFP APPLICATION**

      A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

      In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial

affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application will be granted.

## **II. SCREENING**

**A. Standard**

"The court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).

Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiffs' Complaint**

Plaintiff's Complaint names the Reno City Council, Mayor Hillary Schieve, Sparks City Council, Mayor Geno Martini, the Reno Housing Authority and its Executive Director, Amy Jones. (ECF No. 1-1 at 1-3.)

Plaintiff alleges that Tesla receives tax breaks, and Tesla employees receive rental reductions as well as a reduction in their rental deposits. He asserts that this will force him into homelessness because he (and other disabled citizens) only receives $750 per month or less in disability payments, and cannot afford a place to live. He avers that he contacted a Mr. Huddleston, a property owner who rents duplexes to disabled persons, who told him that the City of Reno informed him that he had to raise the rent to keep up with the rental agreement. As a result, Mr. Huddleston no longer rents to the disabled.

He contacted the Reno Housing Authority and called all apartment complexes on the list. Many numbers were wrong, and the rest were filled or had waiting lists and were not taking

applications. He turned in his housing authority application and was advised there was nothing they could do to find him an apartment. He alludes to a relationship between Tesla and the defendants.

Plaintiff briefly mentions the Americans with Disabilities Act (ADA), and states that no state or no local government may discriminate on the basis of disability with respect to its programs or services. He also asserts that the defendants breached their fiduciary duty to disabled citizens in the State, Washoe County and Cities of Reno and Sparks. Finally, he states that Defendants' conduct violated his right to equal protection of the laws.

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Where multiple defendants are involved, the pleading must establish a nexus between each defendant's actions and the alleged deprivation of the plaintiff's constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

The Fourteenth Amendment prohibits the denial of "the equal protection of the laws." U.S. Const. amend XIV, § 1. It "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985) (citing *Plyer v. Doe,* 457 U.S. 202, 216 (1982)); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (same).

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren*

*v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Where state action "does not implicate a fundamental right or suspect classification, the plaintiff can establish a 'class of one' equal protection claim by demonstrating that [he] 'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled on other grounds by Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008).

The physically disabled are not a protected class for purposes of equal protection under the Fourteenth Amendment. *City of Cleburne*, 473 U.S. at 446. Plaintiff does not include sufficient facts to demonstrate that he otherwise states an equal protection claim. He alleges that Tesla employees receive rental reductions. He alleges that the rent was raised on the building he lives in, and that he does not receive even income from Social Security benefits to afford the new rental rate; however, he does not factually connect those allegations to allow the court to infer intentional treatment from others similarly situated with no rational basis. Nor does he include allegations that allow the court to discern the role each Defendant took in the alleged violation of his rights.

Insofar as Plaintiff references the ADA, to state a claim under Title II of the ADA, the plaintiff must allege: (1) he is a qualified individual with a disability as the term is defined under the ADA; (2) he was excluded from participation in or denied the benefits of the services, programs, or activities or subject to discrimination by a public entity; and (3) the exclusion, denial of benefits, or discrimination was by reason of the disability. *See* 42 U.S.C. § § 12131, 12132; *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

Plaintiff makes several references to disability and a disabled class of citizens, but does not actually allege facts that lead to a conclusion he is an individual with a disability under the ADA; that he is qualified to receive benefits of the public entities' services; that he was discriminated against; or, that this was done *because of* his disability. Therefore, he does not state a claim under the ADA.

While he does not specifically reference it, to the extent he seeks to state a claim for housing discrimination, he also fails to state a claim. Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act, or FHA), as amended, prohibits discrimination "in the sale or rental, or to otherwise

make unavailable or deny, a dwelling to any buyer or renter because of a handicap of-- (A) that buyer or renter, (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available[.]" 42 U.S.C. § 3604(f)(1)(A)-(B). It also prohibits discrimination in the terms, conditions, or privileges of sale or rental of a dwelling based on a handicap of that person. 42 U.S.C. § 3604(f)(2)(A)-(B). To state a discrimination claim under the FHA, the plaintiff must allege facts that: (1) the plaintiff's rights are protected under the FHA; and (2) as a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury. *See Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999). Where a plaintiff alleges discrimination on the basis of disability, he or she must suffer from a handicap defined in 42 U.S.C. § 3602(h). *See United States v. Cal. Mobile Home Park Mgmt.*, 107 F.3d 1374, 1380 (9th Cir. 1997). The FHA defines handicap as "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h).

Again, Plaintiff references disability several times but never actually alleges that he is handicapped within the meaning of the statute. Nor does he include *factual* allegations plausibly suggesting he was discriminated against *because of* his handicap.

Finally, Plaintiff alleges generally that the defendants have a fiduciary duty to serve the best interests of its citizens. The court assumes Plaintiff seeks to assert a State law claim for breach of fiduciary duty, but he does not allege sufficient facts to state a colorable claim. "In Nevada, a claim for breach of fiduciary duty has three elements: (1) existence of a fiduciary duty; (2) breach of the duty; and (3) the breach proximately caused the damages." *Klein v. Freedom Strategic Partners, LLC*, 595 F.Supp.2d 1152, 1162 (D. Nev. 2009). Plaintiff alleges broadly that public officials owe a duty to act in the best interests of the citizens, but he does not allege facts stating how he claims this duty was breached, or how the breach proximately caused his damages. Again, he alleges generally there was a relationship between the Defendants and Tesla, that Tesla employees received rent reductions, and that he could not afford his increased rental rate with his disability income. He does not connect these allegations; state how each Defendant breached a fiduciary duty owed; or how that breach caused him to be damaged.

In sum, Plaintiff's complaint will be dismissed for failure to state a claim, but the dismissal will be with leave to amend so Plaintiff may attempt to cure the deficiencies pointed out in this Order.

### **III.** **Motion to Dismiss, or in the Alternative, Motion to Quash Service of Process**

The Motion to Dismiss, or in the Alternative Motion to Quash Service of Process, and joinder thereto, is denied as moot. The motion argues the action should be dismissed or service quashed because Plaintiff personally delivered an incomplete copy of his complaint, which is improper under Rule 4. Since the court has concluded that the complaint fails to state a claim, and the complaint had not yet been filed at the time Plaintiff delivered it to the Defendants, the motion is rendered moot. If a complaint had been on file, the court would agree that service by Plaintiff dropping off the complaint in the manner he did would not be proper. As it stands, there is no operative complaint to be served at this time. Once Plaintiff files an amended complaint, the court will direct the Clerk to issue summonses and service documentation to be completed by Plaintiff so that service can be completed by the U.S. Marshals Service pursuant to Rule 4(c)(3) since Plaintiff is proceeding IFP.

### **IV. CONCLUSION**

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED.** Plaintiff is permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

(2) The Clerk shall **FILE** the complaint (ECF No. 1-1).

(3) The Complaint is **DISMISSED WITH LEAVE TO AMEND**.

(4) Plaintiff has **THIRTY (30) DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint shall be complete in and of itself without reference to any previous complaint. Any allegations, parties or requests for relief from prior pleadings that are not carried forward in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the time period prescribed,

the action may be dismissed. If an amended complaint is filed, the court will direct the Clerk to issue summonses, copies of the complaint, and service of process forms (USM-285) for the U.S. Marshals service to serve the defendants pursuant to Federal Rule of Civil Procedure 4(c)(3).

(5) The Motion to Dismiss, or in the Alternative Motion to Quash Service of Process, and joinder thereto (ECF Nos. 3, 7) are **DENIED AS MOOT**.

DATED: August 31, 2018.

*William G. Cobb*
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE