# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

NAPOLEON HOLYFIELD,

    Plaintiff,

v.

RENO CITY COUNCIL, *et al.*,

    Defendants.

Case No.: 3:18-cv-00292-MMD-WGC

**REPORT & RECOMMENDATION
OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

The court has screened the amended complaint of plaintiff Napoleon Holyfield, who is proceeding *pro se* and *in forma pauperis* (IFP), and recommends dismissal of the action for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

On August 31, 2018, the court issued an order granting Holyfield's IFP application and screening his complaint. (ECF No. 9.) In the original complaint, Holyfield sued Sparks City Council, Sparks Mayor Geno Martini, the Reno City Council, Reno Mayor Hillary Schieve, the Reno Housing Authority and its Executive Director, Amy Jones. He alleged that Tesla receives tax breaks, and Tesla employees receive rental reductions as well as a reduction in their deposits. He claimed that he spoke with a property owner who rents duplexes to disabled persons, who told him that the City of Reno informed him that he had to raise the rent to keep up with their rental agreement, and as a result no longer rents to the disabled. Holyfield went on to allege that he could no longer afford a place to live. He contacted the Reno Housing Authority and called apartment

complexes on their list, but many of the numbers were wrong and the rest were filled or had waiting lists and were not taking applications. He made brief mention of the Americans with Disabilities Act (ADA), asserting that states and local governments may not discriminate on the basis of disability. He also alleged that the defendants breached their fiduciary duty to disabled citizens in the state, county, and cities.

The court advised Holyfield that to assert a claim under section 1983, he must allege a right secured by the Constitution or laws of the United States was violated by a person acting under color of state law. (ECF No. 9 at 4.) He was also instructed that a complaint involving multiple defendants must include factual allegations that connect each defendant's actions to the alleged deprivation of rights. (*Id*.)

Next, the court gave Holyfield the legal standards for asserting claims under the Equal Protection Clause, and that the physically disabled are not a protected clause for purposes of the clause. The court concluded he did not include factual allegations sufficient to assert an equal protection claim for a "class of one," i.e., that he was intentionally treated differently than others who were similarly situated with no rational basis for the treatment. (*Id*. at 4-5.)

Holyfield was then advised that to state a claim under the ADA, he had to allege that he is a qualified individual with a disability and was excluded from participation in or denied the benefits of services, programs or activities or subject to discrimination by a public entity because of his disability. Holyfield did not state a claim because he did not actually allege that he was a qualified individual with a disability or that he was discriminated against because of his disability. (*Id*. at 5.)

The court also provided Holyfield with the legal standard for a claim under the Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act, or FHA), which prohibits discrimination in

the sale or rental and in the terms, conditions or privileges of a sale or rental of a dwelling because of a handicap. Holyfield did not state an FHA claim as he did not allege he was discriminated against because of a handicap. (*Id*. at 5-6.)

Finally, the court set out the standard for a Nevada claim of breach of fiduciary duty, but found Plaintiff did not allege facts to support a plausible claim for relief. (*Id*. at 6.)

For these reasons, the court dismissed Holyfield's complaint with leave to amend. In addition, the defendants had filed a motion to quash for improper service which was denied as moot because there was no operative complaint on file.

Plaintiff filed an amended complaint on October 1, 2018, which the court now screens.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is

essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. The Amended Complaint**

In the amended complaint, Holyfield alleges that he is a disabled citizen and relied upon defendants to secure the rights and privileges of a citizen above their personal and private interests. (ECF No. 12 at 1.)

Holyfield asserts an equal protection claim, alleging that the defendants intentionally excluded the disabled citizen of Reno and Sparks from housing due to a rental increase which benefits the property and business owners. (*Id*. at 2.)

He goes on to allege a discrimination claim under the FHA, asserting that as a result of their discriminatory conduct, he suffered a palpable injury, because he is among the disabled citizens whom the defendants failed to provide representation by removing them from housing opportunities. (*Id*. at 3.)

Next, Holyfield alleges that Reno and Sparks City Council members received bonuses and payment for bringing Tesla and other companies to Reno/Sparks. (*Id*. at 4.)

Finally, Holyfield asserts that the disabled people of Washoe County are being excluded from housing due to an official breach of fiduciary duty. (*Id*. at 5.)

Holyfield then filed a document titled "Amend Complaint Second", where he states that in December the homeless citizens will begin to petition the City Council, and the court will see what this rental increase has done to the citizens. (ECF No. 13.)

Finally, he filed an "amend petition in support of 1983 civil right." (ECF No. 14.) In this document he states that this case represents the common citizens against the corrupt public officials. He reiterates that this rental increase results in disabled persons being unable to afford housing.

Insofar as he seeks to assert an equal protection claim, Holyfield adds no additional facts to his amended complaint. He alleges that there has been a rent increase which effectively means that disabled citizens cannot afford housing, but he does not allege facts indicating that the defendants intentionally discriminated against disabled persons. Again, he does not include

allegations to allow the court to discern the role each defendant took in the alleged violation of his rights.

As to the ADA claim, Holyfield states generally that he is disabled but alleges no facts about his disability. Importantly, he does not include facts that he was denied housing *because of* his disability. Instead, he alleges that rental rates were raised because of new companies coming to the area.

Nor does the amended complaint state an FHA claim. Holyfield does not include allegations about his disability or facts that she he was discriminated based on his handicap.

Finally, Holyfield's amended complaint does not state a viable breach of fiduciary duty claim. Once again, Holyfield broadly alleges that public officials owe a duty to act in the best interest of the citizens, but does not allege how each defendant allegedly breached that duty and caused him to be damaged.

In sum, Holyfield fails to state a claim upon which relief may be granted. Holyfield has already been given an opportunity amend; therefore,  the dismissal of this action should be with prejudice.

## III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order that this action be **DISMISSED WITH PREJUDICE**.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report

and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: November 7, 2018.


_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

7